(December 7, 1925.)

REN LARSEN, Appellant, v. K. McKENZIE (Sometimes Known as K. McKINZIE), Respondent.

[241 Pac. 607.]

FINDINGS—CONFLICT OF EVIDENCE—APPEAL.

> Findings of fact made by the trial judge based on conflicting evidence will not be disturbed if the evidence in support of such findings, if uncontradicted, is sufficient to sustain the findings.

APPEAL from the District Court of the Sixth Judicial District, for Custer County. Hon. Raymond L. Givens, Judge.

Opinion of the Court—Budge, J.

Action to quiet title to mining claims. Judgment for defendant. *Affirmed.*

Peterson & Coffin, for Appellant, cite no authorities on point decided.

Whitcomb, Cowen & Clark, for Respondent.

Where there is a conflict in the evidence, the findings and judgment of the trial court will not be disturbed on appeal when the proof is sufficient, if uncontradicted, to support it. (*Choate v. North Fork Highway Dist.,* 39 Ida. 483, 228 Pac. 885; *Bedal v. Smith,* 36 Ida. 797, 214 Pac. 213; *Woodland v. Hodson,* 35 Ida. 514, 207 Pac. 715; *Viel v. Summers,* 35 Ida. 198, 209 Pac. 454; *Fruitland State Bank v. Lauer,* 34 Ida. 272, 200 Pac. 127; *Clifford v. Lake,* 33 Ida. 77, 190 Pac. 714; *Bafus v. Peeper,* 33 Ida. 324, 194 Pac. 96.)

BUDGE, J.—From the record it appears that on or about July 1, 1918, P. J. Keenan was the record owner of an undivided 49/100's interest in a certain group of mining claims in Custer county. In the operation of these claims he became indebted to one McKenzie, who commenced an action against him about July 28, 1918, to recover such indebtedness, in which action McKenzie procured the issuance of a writ of attachment and caused a levy thereof to be made upon Keenan's interest in the mining claims. During the latter part of July, 1918, Keenan received orders to leave on August 9, 1918, for a training camp for the purpose of being inducted into the military service of the United States in the late war. The summons in the action of *McKenzie v. Keenan* was served upon the latter on August 8, 1918. On August 24, 1918, appellant filed his affidavit, in that action, showing that Keenan was in the military service and obtained an order suspending the proceedings until the further order of the court. The action abated until April 26, 1920, when respondent made a showing to the effect that Keenan had been mustered out in September, 1919, whereupon the abatement order was set aside, the default of Keenan entered and McKenzie given judgment. Execution was issued upon this

judgment and the sheriff proceeded to levy upon and advertise for sale Keenan's interest in the mining claims. Appellant thereupon employed counsel, who instituted proceedings in behalf of Keenan, by motion in the case of *McKenzie v. Keenan,* to vacate and set aside the judgment and also instituted an injunction suit in the name of Keenan against the sheriff of Custer county and McKenzie to enjoin the sheriff's sale. The motion to vacate the judgment was denied, and upon the trial of the injunction suit the temporary writ was dissolved and a judgment entered denying the writ and dismissing the action. Thereafter a sale was had on execution, and on August 24, 1922, McKenzie purchased at such sale the undivided 49/100's interest formerly owned by Keenan in the mining claims, and on September 11, 1923, received a sheriff's deed therefor. It is under the proceedings heretofore recited, culminating in the sheriff's deed, that McKenzie claims title to the 49/100's interest in the mining claims involved herein, and upon the validity of such proceedings his title depends.

On December 30, 1922, appellant commenced this action to quiet title in himself to the property sold at sheriff's sale on August 24, 1922, basing his claim to title upon an instrument or alleged deed from Keenan to himself dated July 3, 1918, but, as appears from the notary's certificate, not acknowledged until August 3, 1918. It will thus appear that the date of the instrument was prior to the levy of the attachment in the case of *McKenzie v. Keenan* by about twenty-six days, but that the date of acknowledgment of the instrument was subsequent thereto by about five days. This instrument was filed for record in Custer county on August 10, 1918. If the contention of the appellant be correct that the instrument was actually acknowledged and delivered on July 3, 1918, it would antedate the levy of the attachment, and we would then be called upon to determine whether or not the instrument by reason of its terms and provisions conveyed title to the mining claims which passed from Keenan to appellant on July 3, 1918.

The trial court found that the instrument in question "was not delivered to appellant prior to the 3d day of

August, 1918, on which date it bears acknowledgment.'' The certificate of acknowledgment is regular upon its face and shows that the instrument was acknowledged before a notary public on August 3, 1918. We are therefore not in accord with the contention made by appellant that the evidence does not sustain the court's finding but affirmatively and without contradiction shows that the instrument was acknowledged and delivered to appellant on July 3, 1918, and when there is any evidence reasonably supporting the judgment we will not disturb the same. (*News-Dispatch Printing & Audit Co. v. Board of Commrs.* (Okl.), 240 Pac. 64.) Since there is a conflict in the evidence as to the date of the acknowledgment and delivery of the instrument and the trial court having found, and there being sufficient competent evidence to sustain such a finding, that the instrument was not acknowledged or delivered prior to the third day of August, 1918, under the well-known rule we are not disposed to disturb the court's findings. (*Genter v. Morrison,* 31 Barb. (N. Y.) 155.) This being true, it follows that the judgment must be upheld, and it is so ordered. Costs are awarded to the respondent.

William A. Lee, C. J., and Wm. E. Lee and Taylor, JJ., concur.

Givens, J., being disqualified, took no part.