## STATE ex rel. KEHN v. INCORPORATED TOWN OF SPAVINAW CITY et al.

No. 21519.   Opinion Filed June 23, 1931.

H. A. Kehn, Co. Atty., and A. C. Brewster, for plaintiff in error.

Wilkerson & Brown, for defendants in error.

ANDREWS, J. A suit, in the nature of quo warranto, was instituted in the district court of Mayes county by the filing of a petition on the 23rd day of May, 1930, by the state of Oklahoma ex rel. H. A. Kehn, county attorney, for the purpose of enjoining the defendants, as the elected officers of the town of Spavinaw City, from serving as such, and to test the legality of the proceedings pursuant to which said town was incorporated. The defendants filed their answer; the cause was tried to the court without a jury, and, at the conclusion of plaintiff's evidence, the court sustained a demurrer to the plaintiff's evidence and dismissed the cause. From that judgment an appeal was taken to this court. The parties will be referred to as they appeared in the trial court.

The facts from which the controversy arose are, substantially, as follows: A proper request was made to the board of county commissioners of Mayes county by citizens of the town of Spavinaw for authority to incorporate under the name of Spavinaw City. The board of county commissioners, being satisfied the requirements of the law had been complied with, on the 13th day of January, 1930, issued its order and notice for a meeting of the qualified voters resident within the limits of the proposed town of Spavinaw City to held an election on the 4th day of February, 1930, to determine the question of whether or not they desired to incorporate pursuant to the provisions of section 4749, C. O. S. 1921. On the 4th day of February, 1930, the election was held, and the necessary majority of votes was cast in favor of the incorporation. The result was certified to and filed with the board of county commissioners. On the 17th day of March, 1930, the board of county commissioners issued its order declaring that said town had been duly incorporated. Notice was given that an election would be had on the 15th day of April, 1930, for the purpose of electing officers for said town, and on that date the election was held. The defendant officers were declared elected as officers of said town, took their oaths of office, received the certificates of election issued to them, and began the performance of their official duties as such officers. In the meantime, on the 22nd day of January, 1930, after the call for the first election had been issued, the board of county commissioners issued an order stating that certain parties protesting the election had appeared before the board with their attorneys, had given written notice of appeal of the cause to the district court of

Mayes county, and had presented their appeal bond which was approved by the clerk of the court; and that the board had ordered a complete transcript of the proceedings to be filed with the clerk of the district court. The order contained a further provision that:

"The order and notice heretofore issued for the meeting of the qualified voters resident in the limits of the proposed town of Spavinaw City, Okla., to convene on the 4th day of February, 1930, at the hour of 9:00 o'clock a. m., at the Bates Moving Picture Theater, is revoked and set aside and no voting of said proposed incorporation and town shall be had until the further order be made herein. * * *"

That order was filed as plaintiff's exhibit "D" herein and made a part of the record in this cause.

The plaintiff alleged that, on the 3rd day of February, 1930, the day before the election for incorporation was to be held, certain parties in favor of and certain parties against the election appeared before the board of county commissioners at its office; that the matter of revoking the order made on January 22, 1930, was presented to and heard by the board; that no action was taken by the board in the matter, and that at said meeting the parties desiring the election to be held stated that no election would be had on the 4th day of February, 1930. Those allegations were denied by the defendants and were not supported by the evidence.

The plaintiff presents four assignments of error, all of which are considered in its brief under the questions: Did the board of county commissioners of Mayes county have authority to pass the resolution, shown as plaintiff's exhibit "D;" and did that resolution revoke and set aside the former order and notice to hold an election on February 4, 1930? There is no claim of irregularity in any of the other proceedings.

Article 17, ch. 29, C. O. S. 1921, secs. 4745-4758, provides a plan for incorporating of towns in Oklahoma. The record, with the exception of the order of the board of county commissioners of January 22, 1930, shows that that law was complied with.

The plaintiff contends that the board of county commissioners, acting within its authority in the general discharge of its official duties, had power to revoke the order made on January 13, 1930, supra, and cites authority as to the discretionary and judicial power of the board to sustain that contention. The duties required by law to be performed by a board of county commissioners in calling special elections for the purpose

of incorporating towns and electing its officers are not discretionary or judicial, but are administrative and ministerial. When the citizens had fully complied with the law, it was the mandatory duty of the board of county commissioners to make the proper orders, and, if the proposition submitted to the voters was adopted by them, to declare the territory incorporated as a town. The time and manner of the performance of those duties are prescribed, and their performance requires the exercise of no judicial discretion on the part of the board of county commissioners. The making of the order for the election was not a decision requiring the discretion or judgment of the board of county commissioners, but was the act of the board under the terms of a mandatory statute.

In Territory of Oklahoma ex rel. Riddings, County Attorney, v. Neville, 10 Okla. 79, 60 Pac. 790, it was held:

"The action of the board of county commissioners in ordering an election to determine the location of a county seat is a ministerial act, and not a judicial decision, from which an appeal lies to the district court."

See, also, Board of Commissioners of Cherokee County v. Hatfield, 121 Okla. 28, 247 Pac. 77, and Parker v. Board of Commissioners of Tillman County, 41 Okla. 723, 139 Pac. 981. In Re Courthouse of Okmulgee County, 58 Okla. 683, 161 Pac. 200, in discussing that rule, this court held:

" 'Judicial power' is authority to hear and determine, where the rights of persons or property, or the propriety of doing an act, is the subject-matter of adjudication: and a 'judicial' act involves the exercise of judgment or discretion. But where the law enjoins a duty, prescribing and defining the time, manner, and occasion of its performance, with such certainty that nothing remains for judgment or discretion, the duty and act is each ministerial."

In 20 Corpus Juris, page 96, the rule is said to be:

"Upon the presentation of a proper petition, where the statute makes that a condition precedent, the authorities appointed to call an election on particular measures or propositions have no discretion to refuse to call it."

The board of county commissioners made an order on April 17, 1930, declaring the proceedings to be sufficient, legal, and valid in all respects, and that the town of Spavinaw City was thereby duly constituted a municipal corporation.

The trial court, after a complete hearing and a review of all of the proceedings,

found that the evidence was not sufficient to justify it in disturbing the findings and order of the board of county commissioners, and rendered judgment against the plaintiff. We cannot say that that judgment is against the clear weight of the evidence.

We find no error upon which the judgment of the trial court should be reversed, and that judgment is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur.