(No. 6497. February 23, 1940.)

J. S. BUSSELL, Respondent, v. HARRY W. BARRY, as Special Administrator of the Estate of CHARLES F. JOHNSON, Deceased, and SECURITY PRODUCTS COMPANY, an Arizona Corporation, Appellants.

[102 Pac. (2d) 280.]

James R. Bothwell and Harry Povey, Attorneys for Appellants.

Chapman & Chapman, Attorneys for Respondent.

MORGAN, J.—This case was consolidated with *Bussell v. Barry et al.*, 61 Ida. 216 102 Pac. (2d) 276, for trial. A decree was entered in favor of respondent, applicable to both cases, from which all defendants appealed. Pending hearing of the appeal Johnson died and Harry W. Barry was, by the probate court, appointed special administrator of his estate. In his appointment it was ordered that he be named and substituted as a party defendant, as the legal representative of Johnson in these actions.

The two cases involve title to land in Jerome and Twin Falls Counties. The question of ownership of the property in Twin Falls County has been disposed of in our decision above cited. Title to the land in Jerome County will be discussed in this case.

Respondent alleged in his complaint, among other things, that in 1918 he and Johnson formed a partnership for the purpose of purchasing, owning, operating, selling and dealing in real estate, and have since continued to engage in and transact said business; that the property of the partnership consists of approximately two hundred acres of land located in Jerome County, and the description thereof is set out in the complaint. He further alleged that Johnson, from time to time, applied to his own use, from the receipts of the partnership business, large sums of money which he neglected and refused to repay or to account for, and that he continued to misappropriate the money of the partnership. It is further alleged that appellant, Security Products Company, claims to have some right in the real estate described in the complaint, and that said corporation was organized, owned and managed by Johnson for his benefit and purposes. Respondent prayed for an accounting between himself and Johnson; that the property of the partnership be sold and the proceeds divided among the parties as their interests might appear; that the partnership be dissolved, and that a receiver be appointed to collect the rents and proceeds arising from the property pending litigation.

In his answer, Johnson admitted the formation and existence of the partnership and alleged it was not formed exclusively to deal in real estate, but was organized also for the purpose of buying, owning, selling and dealing in personal property. He denied having misappropriated the moneys of the partnership; admitted that Security Products Company claimed to have title and interest in and to the land described in the complaint, and denied that said corporation was owned by him and that he dominated, managed or operated it for his benefit or purpose. He admitted that all interest and equity in the land, described in the complaint, which was not owned by Security Products Company, belonged to the partnership. Johnson cross-complained alleging, among other things, the formation of the partnership and that it continued from the date of its organization to the date of the cross-complaint. He prayed for an accounting; for the appointment of a receiver, and for judgment against respondent.

Security Products Company filed an answer, in the consolidated cases, in which it alleged it owned an undivided half interest in a part of the Jerome County land, described in its answer.

The trial judge found a partnership existed, composed of respondent and Johnson, and that it was the owner of the land situated in Jerome County, described in the complaint and involved in this case. That finding is not assigned as error and is sustained by the record. He also found that respondent holds the record title, for and on behalf of the partnership consisting of respondent and Johnson, to a portion of the Jerome County land; also that Security Products Company is, and has been, continuously since November 5, 1930, agent of Johnson for the purpose of holding for him the record title to an undivided half interest in and to the lands in Jerome County, title to which interest stands of record in the name of said company.

The record shows Johnson, for many years prior to the trial, made it a practice to have real estate, owned by him, or in which he owned an interest, including that in Jerome County involved in this case, appear of record in the names of others than himself. The reason for doing so is not made clear, but the facts disclosed are sufficient to justify the finding that the ownership of the Jerome County land is in respondent and Johnson, as a partnership.

The judge further found that respondent and Johnson, between September 25, 1931, and November 1st, of that year, had a full and complete settlement and accounting of all dealings had between them in regard to the property, assets and accounts of their partnership, and that the accounts of the partnership were, at said time, fully settled and satisfied and that neither of said parties is indebted to the other by reason of partnership receipts or accounts prior to said settlement.

There is conflict in the testimony of respondent and Johnson as to the facts stated in that finding. The trial judge had an opportunity to hear the testimony of the witnesses and to observe their demeanor while testifying, and was in better position than we are to decide as to who was

telling the truth. The testimony of respondent, if uncontradicted, is sufficient to sustain the finding and it will not be disturbed. (*Larsen v. McKenzie*, 41 Ida. 715, 718, 241 Pac. 607, 608; *Intermountain Assn. v. N. H. Hallstrom Coal Co.,* 53 Ida. 151, 158, 22 Pac. (2d) 686, 688; *Stephens v. Stephens,* 53 Ida. 427, 434, 24 Pac. (2d) 52, 54; *Amonson v. Amonson,* 55 Ida. 42, 50, 37 Pac. (2d) 228, 230.)

In the accounting the judge found that subsequent to the settlement between respondent and Johnson in 1931 the latter had wrongfully and without the consent of respondent, from time to time, appropriated to his own use $4,177.34, of partnership moneys deposited in First Security Bank of Pocatello between September 9, 1932, and February 5, 1937; that he had wrongfully and without the consent of respondent, appropriated to his own use the following sums received by him, arising from the sale of crops, which were the property of the partnership, on the dates hereafter specified: $189.72, November 24, 1933; $326.07, November 9, 1931; $135.49, November 9, 1931; $222.75, March 10, 1933; $151.13, March 10, 1933; $460.58, December 15, 1934.

In their brief and oral argument counsel for respondent have admitted that all the items above mentioned except that of $4,177.34 and the one of $460.58 are erroneous, and should not be charged against Johnson in the accounting.

The judge found that Johnson, on or about January 1, 1934, in settlement of an action instituted against a tenant of the partnership, received $500, partnership money, which he wrongfully appropriated to his own use. In the accounting credit was given respondent for one-half that sum. The action against the tenant was commenced, by Johnson, on behalf of the partnership after respondent had removed from this state. While it was pending respondent returned to Idaho and settled with the tenant, for his interest in the claim of the partnership involved in the action, and was paid in full by the tenant. The settlement was made without prejudice to the right of Johnson to prosecute the claim in his own behalf and collect whatever he could from the tenant. Neither the partnership nor respondent has any interest in the money Johnson collected from the tenant.

■ The judge found respondent is entitled to half of $317.88, deposited in Twin Falls Bank & Trust Co., in the name of Snake River Farms, by Gertrude Walter, agent. That item is taken care of in our decision in the companion case, and is not chargeable against Johnson.

The decree is reversed with direction to make and enter findings of fact, conclusions of law and decree not inconsistent with the views herein expressed. Costs are awarded to appellants.

Ailshie, C. J., and Givens and Holden, JJ., concur.

## ON PETITION FOR REHEARING.

(April 25, 1940.)

MORGAN, J.—Appellants petitioned for a rehearing with respect to the item of $4,177.34, being partnership moneys deposited in First Security Bank of Pocatello and found by the trial judge to have been appropriated by Johnson to his own use.

That $4,177.34, belonging to the partnership, came into Johnson's possession and was by him deposited in First Security Bank of Pocatello, appears from copies of ledger sheets and deposit slips of the bank, introduced in evidence, showing deposits to the credit of the partnership at a time when its affairs were in Johnson's exclusive control.

Of the deposits making up the $4,177.34 are two items, one of $105 and another of $373, a total of $478, deposited April 1, 1933. Another deposit of $478 appears to have been made April 15, 1933. Appellants insist the second $478 is a duplication of the first.

■ An examination of the ledger sheets and deposit slips convinces us that appellants' contention in this respect is correct. It is apparent that after the deposit of $478 was made on April 1st, the checks for $105 and $373, which composed it, were returned and charged to the account; that thereafter, on April 15th, credit was again given for the deposit of $478. Thus the account was credited with $478 twice whereas only one deposit in that amount was made.

In this manner Johnson was charged, in the accounting, with $478 which never came into his possession, and the administrator of his estate should be credited in that amount against the $4,177.34 found by the trial judge to have been misappropriated by him.

A like error in the judgment and decree occurred with respect to an item of $31.29 deposited in the account February 24, 1934. It appears that March 2d, the check constituting that deposit was returned and the amount of it was charged to the account; that March 7th, credit was again given for the same amount, resulting in credit for two deposits of $31.29 when, in fact, but one such deposit was made. The administrator of Johnson's estate is entitled to have $31.29 deducted from the item of $4,177.34.

The record shows, and counsel for appellants concede, that Johnson took and retained from the account of Bussell and Johnson, in First Security Bank of Pocatello, the sum of $1,800, which he retained as a credit on money claimed to have been due him from the partnership.

From Johnson's testimony it appears he claimed credit for $1,400, being the purchase price of an automobile which, he testified, he used in the interest of the partnership. The evidence does not show that the purchase of this automobile was ever discussed between Johnson and his partner, nor does it show to what extent it was used for partnership purposes. He also claimed credit for expenditures made by him in looking after the affairs of the partnership, from 1926 to 1932, inclusive, estimated by him to have amounted to $150 a year, making a total of $1,050. He kept no account of these expenses and did not specify in his testimony what they were for. These claims are not supported by the evidence and were properly rejected by the court.

Johnson claimed credit for the purchase price, freight and cost of handling, of seed potatoes used by the partnership and paid for with his own funds, and that the money so expended by him had not been repaid. This contention cannot be sustained. As pointed out in our original opinion, the trial judge found that Bussell and Johnson, between September 25, and November 1, 1931, had a full and complete settlement and accounting of all dealings between them in

regard to the property, assets and accounts of their partnership and that the accounts of the partnership were, at said time, fully settled and satisfied and that neither was indebted to the other by reason of partnership receipts or expenditures prior to the settlement. That finding is sustained by the evidence. The record shows these seed potatoes were bought in 1928. Any indebtedness owing from Bussell to Johnson, arising out of that transaction, was satisfied and discharged by that settlement.

Our former decision is modified to conform to the views herein expressed. The trial court is directed to reduce the $4,177.34 item to $3,668.05. The petition for rehearing is denied.

Ailshie, C. J., and Givens and Holden, JJ., concur.

Budge, J., did not sit at the hearing and took no part in the decision.