200 P.2d 1011

## In re VILLAGE OF RIGGINS.

### BEARD v. IDAHO COUNTY et al.

### No. 7481.

Supreme Court of Idaho.

Dec. 16, 1948.

548

J. H. Felton and William J. Jones, both of Lewiston, for appellant.

Wilbur L. Campbell and Paul G. Eimers, both of Grangeville, and Cox, Ware & Stellmon, of Lewiston, for respondent.

HYATT, Justice.

On February 10, 1948, the Board of County Commissioners of Idaho County, then in regular session, after receiving a petition therefor and hearing evidence in support thereof on that date, entered its order incorporating the Village of Riggins, designating the metes and bounds thereof, and appointing a first board of trustees therefor.

Jack E. Beard, a resident and owner of taxable property within the limits of the proposed corporation, appealed from said order to the District Court, under Sec. 30-1108 I.C.A. Trial there resulted in a decree of affirmance, from which he has appealed to this court.

Appellant's main contention is that the evidence adduced in the District Court is insufficient to support the decree in that it fails to show, as found by the court, that a majority of the "taxable inhabitants" of the proposed village signed the petition for incorporation. Appellant by express statement in his brief accepts as correct the trial court's definition of a "taxable inhabitant", (thereby making it unnecessary for us to pass upon the same), to wit: " * * * if a party lives in Riggins and owns property of any kind therein, which property is taxable, that party is a taxable inhabitant."

Appellant concedes 99 of such taxable inhabitants signed the petition. The evidence would justify the trial court in determining that the petition was signed by 100 such persons. The evidence as to the total adult inhabitants owning taxable property is somewhat meagre and conflicting and different inferences can be drawn therefrom. Both parties tried the case on the theory that any taxable inhabitant had to be an adult. There is sufficient competent and substantial evidence to support the finding that "a majority of the taxable inhabitants of said proposed village have signed the petition * * * for the incorporation thereof". The trial court was justified in inferring that there were less than 197 taxable inhabitants as defined by him. We cannot therefore disturb the finding since respondents' evidence, if uncontradicted, is sufficient to sustain it. Bussell v. Barry, 61 Idaho 350, 102 P.2d 280; Knauss v. Hale, 64 Idaho 218, 131 P.2d 292; Loosli v. Hesemen, 66 Idaho 469, 162 P.2d 393.

550

Appellant next contends the Court erred in denying his motion for a non-suit, claiming no distinct boundaries for the village were proven. The findings describe the corporate limits of the village by metes and bounds as set forth in the petition which was introduced in evidence without objection. Sec. 49-701 I.C.A. as re-enacted by Chapter 213, 1947 Laws, is satisfied if the petition for incorporation sets forth the metes and bounds of the proposed village.

Appellant next complains of the Court's rejection of his offer of two written instruments purportedly signed on February 14 and 15, 1948, by several taxable inhabitants of the proposed village, including 15 who allegedly signed the present petition for incorporation, protesting the creation of the village and further stating: "Some of us previously signed a petition for incorporation which was for the avowed purpose of aiding our schools, and we find we signed the petition for incorporation under false information and wish our names withdrawn therefrom."

In this connection he also complains of the rejection of an offer of proof that 15 signers of the petition wished to withdraw their names therefrom and that, at the time they signed the petition, it was falsely represented to them that their schools would be benefited by the incorporation.

In Harrison et al. v. Board of Com'rs of Bannock County, 68 Idaho 463, 198 P.2d 1013, we held that the circulation of false information whereby resident taxpayers were induced to sign a petition for a bond election did not invalidate the petition or the election held pursuant thereto, particularly when no action was taken in regard thereto prior to the election.

The exhibits were not signed until after the Commissioners acted on the petition and entered the order of incorporation, and were never presented to the Board.

Appellant argues with much ingenuity that since on an appeal under Sec. 30-1111 I.C.A. the matter is heard "anew", the situation is the same as if the Board had never acted and the withdrawal of names from a petition is therefore just as permissible in the district court as withdrawal thereof before the Board.

Chapter 213, 1947 Laws, supra, does not provide for the withdrawal of names. Without deciding or conceding that names can be withdrawn from a petition of this kind before filing thereof or before the commissioners act upon the same and enter the order of incorporation, the general rule is that withdrawal cannot be made after the board acts. 49 C.J. 92; McQuillin Municipal Corp., 2d Ed. Vol. 1, Sec. 167. Otherwise there could be no finality of orders of boards in matters over which they are given, as here, statutory authority to act.

While the matter is heard "anew", this does not mean that proceedings in the district court are the same as if the board

had never acted. By the statute C. 213, 1947 Laws, supra, the board and not a court must take some action in the first instance. Hearing "anew" means the matter has to be heard before and is a hearing over again on the same issues. Gaiser v. Steele, 25 Idaho 412, 137 P. 889.

The issues, which simply are the statutory sufficiency of the petition and the requisite number of actual resident inhabitants of the territory described in the petition, must be tried although "anew" as of the time the petition was presented to and acted on by the board. Subsequent events are not material or revelant and are, therefore, properly excluded. Under Sec. 30-1111 I.C.A., supra, the district court affirms, reverses or modifies the order of the board. The court does not make a new or original order in the sense that it is independent of that of the Board.

Gardner v. Blaine County, 15 Idaho 698, 99 P. 826, 827, cited by appellant does not sustain his argument in this regard. While the court there said: "What is meant by 'heard anew' as used in this statute is that the district court shall try the case as though originally brought in said court, and the case must be proven in the same way as before the board of commissioners. * * *" it nevertheless qualified this remark by further stating: *"It is a retrial of the case tried before the board of county commissioners. * * * and when the case reached the district court upon the appeal from the order of the board, it was neces-sary for the petitioners to make their case there, and prove the same facts they were required to prove before the board * * *."* (Emphasis added.)

There was no error in rejecting the exhibits and the offer of proof.

As a next assignment, appellant urges error in the sustaining of an objection to the following question: "Was any notice given to the opposition at that time?", which was asked on cross examination of Mr. Reuter, clerk of the board of County Commissioners.

Appellant made no offer of proof then but later as a part of his case did make an offer to the effect that he had requested notice of hearing of any petition for the incorporation of the village but without showing of whom or when the request was made.

Chapter 213, 1947 Laws, supra, does not provide for notice and none is required. 43 C.J. 92; Territory v. Town of Jerome, 7 Ariz. 320, 64 P. 417; Faulkner v. Board of Sup'rs of Gila County, 17 Ariz. 139, 149 P. 382. Further, the statute makes it mandatory upon the County Commissioners to create the village when the petition therefor complies with the statute and the Board is satisfied that a majority of the taxable inhabitants of the proposed village have signed the same and there are 125 or more inhabitants actually resident of the territory described in the petition. See State ex rel.

552

Kehn v. Incorporated Town of Spavinaw City, 150 Okl. 23, 300 P. 703.

It is unnecessary for us to consider or pass upon appellant's contention that petitioners were in contempt of court and could not be heard upon the trial in the district court. The judge prior to trial ruled as void the stay order which appellant claims defendants violated.

Finding no error, the decree of the District court is affirmed. Cost to respondents.

GIVENS, C. J., HOLDEN, J., and TAYLOR and SUTPHEN, Dist. JJ., concur.