**COLUMBUS CONSOLIDATED INDEPENDENT SCHOOL DIST. OF COLORADO COUNTY et al. v. WEST END RURAL HIGH SCHOOL DIST. OF AUSTIN COUNTY et al.**

**No. 12054.**

Court of Civil Appeals of Texas. Galveston.

Dec. 23, 1948.

Rehearing Denied Jan. 13, 1949.

Massey & Hodges and Otto Moore, Jr., all of Columbus, for appellants.

W. I. Hill, of Bellville, and Duckett & Duckett, of El Campo, for appellees.

MONTEITH, Chief Justice.

Appellees, West End Rural High School District of Austin County, joined by the Austin County Board of Education, George W. Hill, County Superintendent of Austin County, and others brought this action in the District Court of Austin County for an injunction restraining appellant, Columbus Consolidated Independent School District of Colorado County and its board of trustees from transporting pupils of the Henkhaus community into Columbus Consolidated Independent School District, from attempting to deprive appellees of funds from State and County sources, from interfering with appellees' business affairs, and from including properties of appellee School District in its tax and rendition rolls.

Appellant answered by a plea in abatement in which they alleged a lack of jurisdiction in appellees to bring this action and by defensive pleas.

In a trial before the court, judgment was rendered overruling appellants' plea in abatement and exceptions and granting the injunction sought. The court stated in the order entered that the relief was granted because the petition seeking the election for the consolidation of Columbus Consolidated Independent School District and Henkhaus Independent School District was invalid when the order for the election was entered because Columbus Consolidated Independent School District had lost its identity prior to that date and for the reason that the Austin County Board of Education had on July 24, 1948, grouped the Henkhaus Common School District with other school Districts creating appellee, West End Rural High School District of Austin County.

Under their points of error, appellants contend that the trial court erred in holding that the County Judge of Austin County did not have a legal petition before him when he entered the order for an election consolidating said school districts and in holding that appellees' suit was not a collateral attack on the validity of said election. They contend that there was no evidence adduced on the trial to support the injunctive relief granted.

The record shows that, on June 16, 1948, the County Judge of Austin County was presented with petitions requesting that he order elections for the consolidation of New Ulm Independent School District and Henkhaus Common School District No. 9 with appellant Columbus Consolidated Independent School District. Each of the petitions bore the signatures of 22 persons alleged qualified voters of the district, and each petition bore the endorsement that it had been presented and accepted by the County Judge of Austin County on June 25, 1948.

On June 25, 1948, the County Judge of Austin County entered an order calling the election requested in the New Ulm petition for July 22, 1948, and the election was duly held on that date; and on July 26, 1948, the Commissioners' Court of Austin County canvassed the result of the election and found that 91 votes had been cast for and 8 votes against the consolidation. The Commissioners' Court entered an order directing that the consolidation be consummated.

The trial court based his finding that appellant, Columbus Consolidated Independent School District had lost its identity prior to the date the order for the election was entered on the fact that at that time the Columbus Independent School District had been consolidated with the New Ulm Independent School District of Austin County.

On July 31, 1948, the County Judge of Austin County called the election for the consolidation of the Henkhaus Common School District with Columbus Consolidated Independent School District for August 21, 1948.

This election was held, and on September 1, 1948 the Commissioners' Court of Austin County canvassed the result of the election, finding that 74 votes had been cast for and 51 votes had been cast against the consolidation. It thereupon entered an order declaring the consolidation consummated.

The record shows that after the petition for the consolidation of the Henkhaus Common School District with Columbus Consolidated Independent School District had been filed, and after the County Judge of Austin County had endorsed his acceptance thereof on the petition, but prior to his order of July 31, 1948, calling the election, the County School Board of Education of Austin County, at a special meeting held on July 24, 1948, purporting to act under Articles 2922a and 2922c, Revised Civil Statutes, ordered the grouping of Henkhaus Common School District with Industry School District and Shelby School District to form appellee West End Rural High School District.

It was stipulated by the parties that an election for the consolidation of Columbus Consolidated Independent School District with Henkhaus Common School District No. 9 was held in Colorado County on August 31, 1948, and that it resulted in a ma-

jority vote in favor of the consolidation of such districts.

Article 2806, Vernon's Ann.Civ.Stats., as amended, provides that on the petition of 20 or a majority of the legally qualified votes of each of several contiguous independent school districts or contiguous common school districts constituting as a whole one continuous territory, praying for the consolidation of such districts for school purposes, the county judge shall issue an order for an election to be held on the same day in each such district. The statute further provides that, after said election, the Commissioners' Court shall, at its next meeting, canvass the returns of such elections, and, if the votes cast in each district show a majority in each district voting separately in favor of such consolidation, the court shall declare the school districts consolidated.

In the recent case of Rhea Common School District No. 3 v. Bovina Independent School District No. 5 Tex.Civ. App., 214 S.W.2d 660, 661, the court construing said Article 2806, said: "Thus, it may be seen that the county judge by the terms of the statute is given an expressed, independent duty to perform—first, he must judicially determine whether the petitions are sufficient to call the elections; and second, if he finds the petitions sufficient, he must order the elections and post the notices. (Citing McLemore et al. v. Stanford et al., Tex.Civ.App., 176 S.W. 2d 770.) * * * Our courts have held that the power delegated to school districts to determine the question of consolidation is legislative in character; and under the elemental rules governing such circumstances, we are required to give the acts of the parties such a construction as will render them valid." Citing Pleasant Valley Common School Dist. No. 7 et al. v. Story, County Judge, et al., Tex.Civ.App., 142 S.W.2d 258, writ refused; Baker et al. v. Brown, Dist. Atty., et al., Tex.Civ.App., 165 S.W.2d 522.

The precise question presented in this appeal was decided contrary to appellees' contentions by the Amarillo Court of Civil Appeals in the case of Wichita Common School District No. 11 et al. v. Dickens Independent School District of Dickens County et al., 206 S.W.2d 885. In that case it was held that a county judge acquired jurisdiction to call an election on the question of the consolidating of common school districts immediately on presentation to and acceptance by him of a legal petition therefor, and that the county board of school trustees had no right to adopt a resolution on the following day calling an election on the question of grouping one of such districts with an independent school district into a rural high school district, though such resolution was adopted before the entry of the county judge's order calling the election.

In the case of Garrett, County Judge, et al. v. Unity Common School District et al., Tex.Civ.App., 211 S.W.2d 238, under a state of facts similar in all material respects to the facts in the instant case, it was held that, under said Article 2806, a county judge acquires jurisdiction to call an election on the question of consolidation of school districts immediately upon the presentation and acceptance by him of a proper petition therefor, and that, upon the presentation of a petition for an election, it was the ministerial duty of the county judge to order the election. Citing 29 C.J. S., Elections, § 70, p. 94; 16 Tex.Jur., 21; State v. Spavinaw City, 150 Okl. 23, 300 P. 703. In the Garrett case, [211 S.W.2d 249] the court further held that "When such petition was presented to and accepted by the County Judge the County School Board was then without jurisdiction to group the districts involved in said petition or order an election involving them until the petition was finally disposed of." The court held "that the lapse of over one month between the filing of the petition and issuance of an order for an election by the County Judge did not, as a matter of law, deprive the County Judge of jurisdiction over the subject matter of the petition." Citing State v. Baker, 120 Tex. 307, 310, 40 S.W.2d 41.

In the instant case, no irregularities are alleged or are apparent from the record, and there is no contention that the election sought was not lawfully held or that the results of the election were not properly canvassed.

Under the above authorities, it is, we think, clear that the County Judge of Austin County acquired jurisdiction to call an election for the consolidation of said school districts immediately upon acceptance by him of the petition therefor, and that he retained jurisdiction thereof until the consolidation was finally disposed of. It follows that appellants' plea in abatement should have been sustained.

Judgment of the trial court is accordingly reversed, defendants' plea in abatement sustained, and plaintiffs' suit for injunction dismissed.

Reversed and cause dismissed.