312 P.2d 1034

**Mike KRAITER, Plaintiff-Appellant,**

v.

**Otis JEROME, Defendant-Respondent.**

No. 8454.

Supreme Court of Idaho.

June 25, 1957.

James G. Towles, Kellogg, for appellant.

Robert J. Fanning, Kellogg, for respondent.

**McQUADE, Justice.**

Appellant brought an action for accounting under a written partnership agreement which provided for the operation, maintenance, expense, and division of profits of a machine used in logging operations for skidding and loading logs, known as a "jammer." One of the portions of the agreement over which the parties disagree is the expense of the "jammer." The contract had a proviso which in effect stated that no expense would be incurred without the concurrence of both parties. Another section provided for appellant to do the bookkeeping from receipts furnished by the respondent, who was to operate the machine. The respondent filed an answer admitting the agreement, that it was a partnership agreement, and further admitting the terms of the agreement pertaining to expenses and division of profits. In addition, and by way of cross-complaint, the respondent sought damages for loss of use of the "jammer."

On trial of the issues, the district court found that both parties had violated the terms of the agreement; declared the contract had no force and effect; allowed respondent travel allowance and timber cruising expenses; determined the value of the "jammer" and awarded the machine to the respondent, but allowing the plaintiff a lien against the machine for his share of its value; entered a judgment for the plaintiff on his final undistributed share of the partnership profits; and dismissed the respondent's cross-complaint.

The principal assignment of error relates to a finding by the trial court that the original agreement had no force and effect. The basis for such conclusion was upon the following findings of fact by the trial court:

"* * * However, due to the fact that both parties have violated said Agreement, that is, Plaintiff violated said Agreement by failing to 'keep a record of all purchases in connection with the operation and repair of said jammer', and Defendant violated said Agreement by failing to report or account for the total receipts of the Partnership, failing to make monthly reports of jammer operations, failing to advise Plaintiff of the jammer's condition and whereabouts, and failing to have the checks for jammer rental made payable in the joint names of Plaintiff and Defendant, and as a result of the breach of said Contract by both parties, that said Partnership Contract had no further force or effect, and was no longer binding on said Partners."

The record discloses an executed contract under which work had been performed and profits distributed during the years 1951, 1952, and 1953. All of the terms of the partnership had been completed for the years 1951 and 1952, and all of the terms of the agreement except a final accounting had been completed for the year 1953. The terms of the agreement having been completed transforms the executory agreement into an executed agreement. It is said in 68 C.J.S. Partnership § 11, p. 418:

"* * * In order to transform an executory partnership agreement into an executed one, it is necessary that the parties do the things that they agreed to do. * * *"

The final step to be concluded under the partnership agreement was a final accounting in accordance therewith.

Under the circumstances here, the appellant failed to keep the partnership accounts; but there was no demand on him during the three-year period to perform such duties. Rather, the parties continued to work under the arrangement for the entire period, thereby leaving the apparent conclusion that the breach by the appellant was of no material consequence.

"* * * the failure of one of the partners to comply with the terms and conditions of the partnership agreement will not annul the contract unless the condition is a condition precedent." 68 C.J.S. Partnership § 11a, p. 419.

██ There was distribution of partnership profits for the years 1951 and 1952 according to an accounting set up by the respondent, and for both of those years there was no charge made for jeep rental, timber cruising, or other items outside the partnership contract. Where there has been a division of profits of a partnership, and such division of profits conforms to the written partnership agreement, there is a presumption that not only is there a valid partnership, but also the distribution of profits was made in accordance with the written terms of the agreement. It is said in 40 Am.Jur., Partnership, § 86, pp. 189–190:

"* * * Pursuant to the well-established principle that when a personal relation is once established the law presumes that such relation continues to exist as before, until the contrary is shown or a different presumption is raised from the nature of the subject in question, when it has once been established that particular persons are partners the presumption then is that they continue associated together in that relationship, until the contrary is shown."

██ It must be concluded the parties were operating under the partnership agreement, and the accounting will be

continued thereunder for the year 1953, the same as for the years 1951 and 1952.

Therefore, certain items of expense allowed respondent by the trial court were allowed in error. The first item of expense is the transportation allowance, the total amount of which was first claimed in 1953 in the sum of $915.64 for 1953, $168 for 1952, $391.32 for 1951, making a total of $1,474.96.

The next item of expense to be disallowed is timber cruising in the amount of $64, and the last item of expense to be disallowed is boom repair wages in the sum of $30. All of these items are prohibited expenses under the partnership agreement. Machine repair expense in the sum of $681.38 allowed to the respondent by the trial court is based upon substantial evidence and is a proper charge. Where there is substantial, competent, though conflicting, evidence to support the findings of the trial court, these findings will not be disturbed on appeal. Lesekatos v. Koehler, 79 Idaho 21, 310 P.2d 801; Petersen v. Holland, 79 Idaho 63, 310 P.2d 810.

The trial court will modify the judgment in accordance herewith. In its discretion, the trial court may take additional evidence to determine whether the "jammer" should be awarded to the appellant, or if the machine should be ordered sold. The court will apply the value of the machine or the proceeds of the sale thereof to the judgment.

The judgment is hereby reversed and remanded for further proceedings in accordance with this opinion of the Court.

Costs to appellant.

KEETON, C. J., and PORTER, TAYLOR and SMITH, JJ., concur.