**In re R. O. A. M., INC., dba Reno Joe's, Debtor.**

**Johnny A. RIBEIRO, Jr., Plaintiff,**

**v.**

**R. O. A. M., INC., dba Reno Joe's, Defendant.**

**Bankruptcy No. 80–00844.
Adv. No. 81–0006.**

United States Bankruptcy Court,
D. Nevada.

July 9, 1981.

Walther, Key, Maupin, Oats, Cox, Lee & Klaich by Keith L. Lee, Reno, Nev., for plaintiff.

Chubb & Silverman by Janet L. Chubb, Sparks, Nev., for defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BERT GOLDWATER, Bankruptcy Judge.

On January 27, 1981, plaintiff filed an adversary action for relief from the automatic stay (11 U.S.C. 362) and assumption or rejection of an unexpired lease (11 U.S.C. 365). Defendant answered and moved for summary judgment.

On May 15, 1979, plaintiff and defendant entered into a partnership agreement forming R–T Enterprises. The purpose of the partnership was to operate a slot business on the premises known as Reno Joe's Restaurant. The agreement provided that each partner make an initial cash contribution to the capital of the partnership and subsequent contributions in such amounts and at such times as the partners agreed. The agreement also provided that if either partner failed to pay a subsequent contribution within thirty days from the due date thereof, the other partner had the option to purchase the partnership interest of the defaulting partner. If the option was not exercised, the partnership was to be liquidated and dissolved.

Defendant defaulted but plaintiff did not exercise his option to purchase defendant's interest. Defendant contends that the partnership automatically dissolved when plaintiff did not exercise his option and that plaintiff can do nothing more than sue for his contribution. Plaintiff contends that defendant is estopped to deny the existence of a partnership because defendant continued to act as if a partnership existed.

Federal Rule of Civil Procedure 56 provides for the issuance of a summary judgment if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. The requirement that summary judgment

be granted only if there is no genuine dispute as to any material fact is to be strictly construed in order to insure that factual issues will not be determined without the benefit of truth-seeking procedures at trial. *See Jackson Tool and Die, Inc., v. Smith,* 339 F.2d 88 (5th Cir. 1964).

 Here there is a genuine dispute as to whether the partnership remained in existence after plaintiff failed to exercise his option or whether there was an automatic dissolution—a material fact in this proceeding. A partnership relationship is legally ended and its affairs completed when the three steps of (1) dissolution, (2) winding up or liquidation, and (3) termination are finished. *Ramseyer v. Ramseyer,* 98 Idaho 47, 558 P.2d 76 (1976). There is a presumption that a partnership, once shown to exist, continues until competent proof of dissolution is given or knowledge comes to persons dealing with the partnership. *City of North Kansas City, Missouri v. Sharp,* 414 F.2d 359 (8th Cir. 1969).

Defendant's motion for summary judgment is denied.