[No. 16693. Department One. April 5, 1922.]

DETTA McDONALD, *Appellant*, v. KING E. McDONALD et al., *Respondents*.[1]

DISCOVERY (10)—PLEADING (134-1)—BILL OF PARTICULARS—DISCRETION OF COURT—EXCUSE FOR DELAY. A reasonable excuse for delay in furnishing a bill of particulars and answering interrogatories, where no prejudice resulted and the failure was not willful, warrants the court in exercising its discretion and should not preclude the party from giving evidence as to the matters.

APPEAL (438)—HARMLESS ERROR—PLEADING—DEMURRER. Error in refusing to sustain a demurrer to an affirmative defense is cured by excluding the evidence.

EXECUTORS AND ADMINISTRATORS (146)—CLAIMS—SET-OFF. One sued by an executrix of the estate may plead as an offset a claim against the deceased, without having presented a claim against the estate, although it is limited to extinguishment of the debt.

EVIDENCE (99)—WITNESSES (48)—SELF-SERVING STATEMENTS—TRANSACTION WITH DECEASED—BOOKS. In an action by an executrix, involving a mercantile partnership account, defendant's identification of the books, kept in the usual course of business, is not objectionable as evidence of transactions with the deceased, nor as self-serving.

PARTNERSHIP (23, 96)—ACCOUNTING—CHARGES AND CREDITS—INTEREST ON ADVANCES—RESULT. It is not error to refuse to allow interest on advances made by the partners, upon striking the partnership account, where excess initial advancements by one partner would be offset by his excess withdrawals and it is not shown that the interest due one would materially exceed that due the other.

[1]Reported in 206 Pac. 23.

PLEADING (104)—AMENDMENTS—TO CONFORM TO PROOF. Where the evidence on a third cause of action for money loaned to a partner showed that the money was loaned to the firm and used by it, the court may treat defendant's answer admitting the loan to him as an inadvertence.

EXECUTORS AND ADMINISTRATORS (146)—CLAIMS—COUNTERCLAIM. In an action by an executrix, it is error to give an affirmative judgment on a counterclaim in excess of plaintiff's claim, where no claim was presented against the estate as required by the statute of non-claim.

PARTNERSHIP (23-32)—MUTUAL RIGHTS—LIABILITY ON NOTE TO PARTNER. A partner executing, as co-maker, a partnership note to his co-partner for the purpose of borrowing money for the use of the partnership (of three members) is liable as a co-maker for the whole sum, and it is error to confine his liability to one-third thereof.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered June 20, 1921, upon findings in favor of one defendant, in an action on a promissory note and for money received, tried to the court. Reversed.

*Robert A. Devers,* for appellant.
*Wesley Lloyd,* for respondents.

FULLERTON, J.—In this action the appellant, in her individual capacity and as the executrix of William J. McDonald, deceased, sought to recover from the respondents the sum of $3,634.89. Three separate causes of action were set forth in the complaint. In the first, recovery was sought upon a promissory note dated July 28, 1916, for the sum of $2,500, made payable to William J. McDonald, and signed as makers by a partnership doing business under the firm name of McDonald-Goodwin Company, and by the respondent King E. McDonald. It was alleged that this partnership was composed of King E. McDonald and another; that the partnership, subsequent to the execution of

the note, purchased the capital stock of a corporation known as the "A Street Garage," changed its name to McDonald-Goodwin Company, conveyed to the corporation the partnership property, in consideration of which the corporation assumed and agreed to pay the note, and thereafter did pay on the note the sum of $1,250. It was further alleged that King E. McDonald and his associates, in April, 1919, formed a corporation under the name of Puget Sound Motors Company, for the purpose of taking over the assets and assuming the obligations of the corporation McDonald-Goodwin Company; that the corporation so formed, immediately upon its incorporation, did take over the assets and assume the obligations of the McDonald-Goodwin Company, and particularly the obligations due William J. McDonald. It was alleged that there was a balance due upon the note of $2,032.99, and judgment was demanded against all of the defendants for this sum, together with a reasonable attorney's fee.

For a second cause of action it was alleged that, in 1918, the appellant's testator, William J. McDonald, intrusted to the defendants McDonald-Goodwin Company and King E. McDonald a Mitchell automobile to be sold for the sum of $800, for and on behalf of William J. McDonald; that the automobile was so sold for $800 and that the defendants accounted for the sum of $462.50 of the selling price, but no more. Judgment is demanded on this cause of action for the difference between the selling price and the amount accounted for.

For a third cause of action it is alleged that, on March 30, 1918, William J. McDonald, at the request of King E. McDonald, advanced to King E. McDonald and the corporation McDonald-Goodwin Company the sum of $1,100, no part of which had been repaid except the sum of $44. On this cause of action judgment was

demanded for the sum of $1,228.40. Appropriate allegations were made showing the death of William J. McDonald, the appointment of the appellant as executrix of his will, and her right to sue in her representative capacity.

The respondents answered separately, the answer of the corporations being in substance a general denial. The defendant King E. McDonald, in answer to the first cause of action, averred that the partnership of McDonald-Goodwin Company consisted of himself, William J. McDonald and one N. L. Goodwin, each owning a third interest in the business. He admits the execution of the note set out in the first cause of action contained in the complaint, but avers that the money borrowed for which the note was given was borrowed by the partnership and used in the conduct of the partnership business; admitting substantially the allegations of the complaint with reference to the formation of the corporations therein named, the transfer to them of the partnership business and assets, and the assumption by the corporation of the partnership indebtedness. Answering the second cause of action, he denied that the automobile therein mentioned was intrusted to him personally, and avers that it was intrusted solely to the partnership of McDonald-Goodwin Company; that it was sold by the company and that the proceeds of the sale were duly accounted for to William J. McDonald.

Answering the third cause of action, he admitted borrowing from William J. McDonald the sum of $1,100, and denied each and every of the other allegations therein contained, save that $44 had been paid on account thereof.

As a cross-complaint, he set up two causes of action against the plaintiff. In the first he alleged the death

of William J. McDonald; that he died testate, naming the plaintiff as executrix of his will, to act as such without the intervention of the court; that William J. McDonald had bequeathed to him in his will the sum of $4,000; that the executrix had not paid the bequest, although she had ample funds so to do.

For a second cause of action he alleged that, for a number of years prior to December 5, 1918, he and William J. McDonald conducted as partners a mercantile business at Thorp, Washington, the assets of which exceeded $10,000, in which he had a one-half interest; that William J. McDonald died on the day named, and that the partnership property passed into the hands of the appellant as executrix of his will, and that she had failed, neglected and refused to account to him for his interests therein. The prayer of his answer was that the appellant's cause of action be dismissed; that he have judgment against her for the amount of the legacy bequeathed to him by William J. McDonald; and that an accounting be had of the partnership property in the hands of the appellant, and that he have judgment against her for the amount found to be due upon such accounting.

The action was tried by the court sitting without a jury. The court made findings of fact in which he found, as against the corporations, that they were liable for the unpaid balance due upon the note set out in the appellant's first cause of action, and liable for the payment of the money loaned as set forth in the third cause of action; further finding that the proceeds of the sale of the automobile mentioned in the second cause of action had been fully accounted for. As against the respondent King E. McDonald, the court found him liable for the payment of one-third of the balance due on the note set out in the first cause of ac-

tion, and that the one-third thereof amounted to the sum of $708.80; found that he was not liable on the second and third causes of action; and found on the partnership accounting that the executrix had in her hands money belonging to him in the sum of $1,343.20. As to the legacy, it found that it was without jurisdiction to enter a judgment with reference to it.

Judgment was entered against the corporation defendants for the amount found due on the first and third causes of action set out in the complaint. As to the defendant King E. McDonald, judgment was in his favor for $634.40, the difference between the amount found due him on the accounting and the amount found against him on the note set out in the first cause of action. The appeal is from the judgment entered in favor of the defendant McDonald.

The appellant demurred to the respondent McDonald's affirmative answers, which the trial court overruled. She then moved for a bill of particulars with respect to the mercantile accounting and submitted interrogatories on the same matter. Errors are assigned on the overruling of the demurrer to the affirmative answers, and on its rulings relating to the bill of particulars and to the interrogatories. Regarding the latter, we cannot think the objections merit special consideration. The bill of particulars was furnished and the interrogatories were answered, the objection being that the one was not timely furnished nor the others timely answered. But an excuse was offered for the delay, sufficient, we think, to warrant the court in exercising the discretion it has in such matters. The penalty the statute imposes for failure to comply with a demand for a bill of particulars, or to answer interrogatories, is severe; it precludes the party from offering evidence on the matters to which they relate.

Where, therefore, the failure to comply strictly with the statute is not wilful or contumacious, and the opposing party is in no manner injured by the delay, a reasonable excuse for the delay ought to suffice, and here, as we say, such an excuse was offered.

The demurrer to the first of the affirmative defenses possibly should have been sustained. But, as the court subsequently sustained the appellant's objections and refused to enter a judgment thereon, any error it may have committed in refusing to sustain the demurrer was cured.

The demurrer to the second defense was also properly overruled. It was founded on the ground that it did not appear that the respondent had presented, within the time limited by the statute, a claim therefor to the appellant as executrix of William J. McDonald's estate. The argument of the appellant is that without such presentation the claim could not be used as a basis for affirmative relief against the estate, nor as an offset to any claim the estate might have against the claimant. These questions, however, are not here as questions of the first instance in this court. In *First Security & Loan Co. v. Englehart*, 107 Wash. 86, 181 Pac. 13, the question was whether a claimant could recover against an estate, administered under a non-intervention will, without first presenting his claim to the executor in the form prescribed by the statute, and it was held that he could not. The case is fully considered and needs only to be referred to for the reasons which compel the conclusion. On the other hand, we have as emphatically declared that an unpresented claim may be used as an offset against a demand the estate seeks to enforce against the claimant if it existed at the time of the death of the executor's decedent, although it is limited to the extinguishment of the debt.

*Fishburne v. Merchants' Bank of Pt. Townsend,* 42
Wash. 473, 85 Pac. 38, 7 Ann. Cas. 848; *Mendenhall v.
Davis,* 52 Wash. 169, 100 Pac. 336, 17 Ann. Cas. 179,
21 L. R. A. (N. S.) 914. It follows that the matter
pleaded while not available as a basis for affirmative
relief, was a valid plea as an offset to the appellant's
demand.

The next assignment of error is that the court al-
lowed the respondent to testify to transactions had
with the deceased, William J. McDonald. The testi-
mony thought to be objectionable on this ground re-
lated to books of account pertaining to the mercantile
business conducted at Thorp. The defendant was per-
mitted to identify the books, and permitted to offer
them in evidence after stating that they were kept by
himself and his wife. But they were books of the mer-
cantile concern, kept in the usual course of business,
and hence in no manner self-serving. To allow the de-
fendant to identify them and to use them as evidence
in his own behalf in no manner violated the rule of the
statute.

The next assignments of error to be noticed question
the sufficiency of the evidence to justify the finding that
there was a balance due the respondent from the mer-
cantile business. The evidence on this is largely docu-
mentary, and it was from this evidence that the court
made up his findings. On the general question, we
have no hesitancy in saying that the evidence was suf-
ficient to justify the court in striking the account. It
is complained further, however, that the account as
struck by the court is erroneous in that he did not allow
interest on the original advancements made by the
parties. As William J. McDonald made much the
larger initial advancement, the allowance of interest,
without going further, would much reduce the amount

found due the respondent as the other partner. But, while the partnership was on an equal basis as to profits, the withdrawals made by William J. McDonald greatly exceeded the withdrawals made by the respondent, and the same principle which would allow interest on the excess advancements would justify a charge of interest on the excess withdrawals. It was not shown that the interest on the one would materially exceed the interest on the other, and we cannot find error in the judgment in this respect.

It is assigned that the court erred in refusing to allow judgment against the respondent for the advancement set out in the appellant's third cause of action. It is said that this was error, particularly in view of the respondent's answer thereto. But the evidence clearly showed that this advancement was made as a loan to the corporation, not to the defendant, and that the loan was expended on the indebtedness of the corporation. The court treated the admission in the answer as an inadvertence, and took the evidence and not the answer as speaking the fact. We cannot conclude that it erred in so doing.

From what we have said concerning the demurrer of the appellant to the respondent's second affirmative defense, it is apparent that the trial court erred in entering an affirmative judgment in favor of the respondent. Since the respondent's claim which he sought to offset was not presented to the executrix as a claim against her decedent's estate, it could be used as a set-off only, not as a basis for an affirmative recovery. But we think the trial court erred also in its determination of the measure of the appellant's right of recovery on the note sued upon in her first cause of action. It will be remembered that it held that the measure of recovery was a one-third of the amount due thereon, but we see

no reason why the measure is not the full amount due upon the note. It is true the money loaned was borrowed for the use of the partnership and was used in the partnership business, but the respondent, by signing the note as maker, became individually responsible for the payment of the note. In other words, the parties dealt as strangers to the partnership relation, and by their act isolated the transaction from the general partnership account. In its general aspect, it was an agreement by which King E. McDonald guaranteed William J. McDonald against loss on account of the loan, and no legal reason appears to us why the guaranty should not be made good. The cases, in so far as they have been called to our attention, are chiefly concerned with the right to sue at law in such a case. On this question they are not in agreement, but such of them as have held that the action will lie, have allowed a recovery for the obligation in full. See *Wilson v. Wilson,* 26 Ore. 251, 38 Pac. 185.

The transaction set forth in the appellant's second cause of action requires no special consideration. The evidence is clear that the automobile therein was intrusted to the defendants for sale, that they sold it in accordance with the trust and fully accounted to the appellant's testator for the proceeds. No liability, therefore, on account of the transaction attached to any of the defendants.

For the error noted, the judgment must be reversed. There is, however, no necessity for a further trial. The order will be that the account between the parties be recast by charging King E. McDonald with the full amount found due upon the note set forth in the plaintiff's first cause of action and deducting therefrom the amount found due him on the partnership accounting.

Judgment will then be entered for any balance appearing against him.

PARKER, C. J., MITCHELL, TOLMAN, and BRIDGES, JJ., concur.