[No. 37367.   Department One.   November 12, 1964.]

JAMES CLIFFORD NORRIS, *Respondent,* v. HARVEY TEBRICH
*et al., Appellants.**

*Sherwood & Forrest,* by *Robert B. Sherwood,* for appellants.

*Livesey, Kingsbury & Livesey,* by *George Livesey, Jr.,* for respondent.

ROSELLINI, J.—The coexecutors of the estate of J. W. Norris, deceased, sold his accounting business to the defendants in this action. Cash was paid for the physical assets. For the good will of the business, the defendants agreed in writing to pay to the estate 25 per cent of the

*Reported in 396 P. (2d) 637.

gross business which the defendants might do with former clients of J. W. Norris during the year following the purchase. At the end of the year, their accounting showed that 25 per cent of the gross business was $2,351.37. The defendants paid to the plaintiff in this action, residuary legatee of the estate of J. W. Norris, the sum of $714.28, but refused to pay the balance of $1,637.09, contending that they were entitled to claim an offset for services which they had performed gratuitously for former clients of J. W. Norris, who claimed that they had paid in advance for services which had not been rendered when he died. The plaintiff refused to recognize any obligation to reimburse the defendants for the performance of these services and brought this action.

The cause was submitted to the court on the pleadings, and the plaintiff's motion for summary judgment was granted. The defendants, appealing, contend that the court should have held that the plaintiff was unjustly enriched when the defendants performed services for which the estate had previously been paid.

The contract signed by the coexecutors and the defendants contained no provision requiring the defendants to perform any services owed by the estate to clients of the deceased. That portion of the agreement which pertains to the sale of the good will is as follows:

"4. The Good Will being purchased by Second Party, shall be payable as follows:

"On April 1, 1960 and on the first day of each month thereafter, for the next eleven (11) months, Second Party will pay to First Party, twenty-five per cent (25%) of the gross business done by Second Party as the result of work Second Party has performed for existing clients of J. W. Norris, for the succeeding year. IT IS UNDERSTOOD that there is no guarantee on the part of First Party that Second Party will retain any of the existing clients because of the nature of the services performed by J. W. Norris, said services being inherently personal to the clients. It is intended hereby to compensate First Party for the clients retained by Second Party for the year beginning March 1, 1960. In this regard, Second Party agrees to make his books of account available to First Party or their authorized repre-

sentative if the same be demanded for the purpose of ascertaining said gross business.

"Second Party agrees that he is not relying upon any representations by First Party regarding clients that might or might not be retained by Second. That First Party will however, cooperate in every way possible to introduce Second Party to the existing clients but that thereafter it will be Second Party's responsibility to retain them. In addition, Second Party is relying upon no other representations made to him by First Party or any of the employees of the J. W. Norris Accounting Service, concerning income of gross business or anything else in connection with said business, other than as expressed herein."

It is conceded that the coexecutors had no knowledge that some clients had paid J. W. Norris in advance for services which were not rendered prior to his death, and these clients did not file creditors' claims in the estate, as required by RCW 11.40.010, which provides that if a claim is not filed within the time specified therein, it shall be barred. RCW 11.40.070 also provides:

"No claim shall be allowed by the executor, administrator, or court which is barred by the statute of limitations."

It will be seen, therefore, that the estate was not only not obligated to pay the claims of these clients, but was forbidden by law to do so. As the defendants alleged in their answer to the complaint, they performed the services gratuitously, in order to retain the good will of the clients.

The doctrine of unjust enrichment upon which the defendants base their claim of a right to offset the value of services performed for these clients is not stated in their brief. We assume that the rule under which they have attempted to bring themselves is that which is found in Restatement, Restitution § 76, p. 331, and followed by this court in *Earley v. Rooney*, 49 Wn. (2d) 222, 299 P. (2d) 209, which is as follows:

"A person who, in whole or in part, has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other, is entitled

to indemnity from the other, unless the payor is barred by the wrongful nature of his conduct."

There are two reasons why the defendants cannot claim the benefit of this rule: first, in performing the services for the former clients of J. W. Norris, they were not discharging any duty of their own, and second, they were not discharging a duty owed by the estate, since any claims which those clients might have had were barred by the statute of limitations. As the trial court pointed out in its memorandum decision, the defendants acted as volunteers and solely for their own benefit, to retain the good will of the clients. In the words of the old maxim, "Equity will not aid a volunteer."

The defendants contend that they may claim a setoff in spite of the fact that the clients did not file creditors' claims in the Norris estate, under the provisions of RCW 4.32.130, which reads:

"In actions brought by executors and administrators, demands against their testators and intestates, and belonging to defendant at the time of their death, may be set off by the defendant in the same manner as if the action had been brought by and in the name of the deceased."

This court has held that such a demand may be set off by the defendant even though he did not file a claim in the estate. *Larson v. A. W. Larson Constr. Co.*, 36 Wn. (2d) 271, 217 P. (2d) 789; *McDonald v. McDonald*, 119 Wash. 396, 206 Pac. 23, and cases cited therein. By its terms, however, the statute applies only to demands which belonged to the defendant at the time of the death of the testator or intestate. That statute has no application in a case of this kind, where the demand arose after the death of the testator.

We conclude that the trial court correctly held that the defendants were not entitled to claim a setoff for services gratuitously rendered by them to former clients of the plaintiff's testator.

The judgment is affirmed.

OTT, C. J., HILL, HUNTER, and HALE, JJ., concur.