697 P.2d 1250

**Marvin C. HEILESON,
Plaintiff-Appellant,**

v.

**George M. COOK and Betty D. Cook,
husband and wife,
Defendants-Respondents.**

No. 15548.

Court of Appeals of Idaho.

March 29, 1985.

Petition for Review Denied
May 29, 1985.

Spencer E. Daw, Idaho Falls, for plaintiff-appellant.

Curt Thomsen, Michael Crapo, Idaho Falls, for defendants-respondents.

WALTERS, Chief Judge.

Marvin C. Heileson brought this action for an accounting against George and Betty Cook. Heileson and George Cook in 1976 entered into an oral partnership agreement for the construction of several homes on property owned by Heileson. Partnership dissolution occurred in September 1977, when the partners agreed that Cook should leave the partnership. At least two of the homes were still under construction when the partnership was dissolved. Heileson assumed the responsibility of finishing and selling the homes, and the last house sold in December 1979.

Heileson filed this action on September 1, 1983, seeking an accounting and a money judgment for an amount Heileson alleged Cook owed on partnership liabilities. Upon a motion for summary judgment, the claim against Cook was dismissed by the district court. When a motion for reconsideration resulted in the same disposition of his claim, Heileson appealed. Heileson contends the district court erred by determining the cause of action was barred by a statute of limitation. We reverse and remand.

The statute limiting a partner's ability to file suit for an accounting is either I.C. § 5–217 for actions on oral contracts or I.C. § 5–224 for actions for relief not covered by any specific statute. *Ramseyer v. Ramseyer*, 98 Idaho 47, 558 P.2d 76 (1976). Both statutes limit the period of filing, once a cause of action has accrued, to four years. The crucial determination is the time at which the cause of action accrued. The district court believed Heileson's cause of action accrued at the partnership dissolution, rather than after winding-up occurred. The partnership was dissolved in 1977, some six years before suit was filed. Thus the court held Heileson's claim was barred by the statute of limitations. Because the district court's memorandum decision provides no guidance, we assume from the parties arguments presented in the lower court and on appeal that the court's holding was based on I.C. § 53–343 and *Ramseyer*.

We believe the district court erred by concluding Heileson's cause of action was barred by I.C. § 53–343 and *Ramseyer.* I.C. § 53–343 provides:

> The right to an account of his interest shall accrue to any partner, or his legal representative, as against the winding-up partners or the surviving partners or the person or partnership continuing the business, at the date of dissolution, in the absence of any agreement to the contrary.

The *Ramseyer* court determined section 53–343 was applicable, under the facts and the pleadings present in that case, to bar a partner's suit for an accounting as against a winding-up partner. However, section 53–343 is not the only provision in the Uniform Partnership Law creating a right to an accounting. I.C. §§ 53–321 and 53–322 also specify accounting rights.[1]

■ All partners are jointly liable for partnership debts and obligations. I.C. § 53–315. On dissolution, the partnership is not terminated, but continues until the winding-up of partnership affairs is completed. I.C. § 53–330. Dissolution terminates the authority of a partner to act for the partnership, except so far as maybe necessary to wind-up partnership affairs or to complete transactions begun but not yet finished. I.C. § 53–333. Thus, dissolution of the partnership does not itself discharge the existing liability of any partner. I.C. § 53–336. During the winding-up process or after it is completed, the winding-up partner may have a right to an accounting as against the non-winding partner because the circumstances render it just or reasonable, I.C. § 53–322, or because the non

winding-up partner has received benefit from a transaction connected with the liquidation of the partnership, I.C. § 53–321. Of course, dissolution and winding-up may occur at the same time pursuant to an agreement between the parties which settles the partnership accounts. Thus, application of the proper accounting statute turns on factual determinations.

■ The facts in this case are unresolved. Heileson asserts in his affidavit that after dissolution of the partnership in September 1977, he was the partner who was left to wind up the partnership affairs, a process he states was not completed until December 1979. Cook, on the other hand, asserts that the partnership was dissolved, wound up and "terminated" in September 1977 by an agreement of the parties under which Heileson was to receive certain partnership assets and was to assume all partnership liabilities. Because of this factual dispute, we are unable to say Heileson is not entitled to an accounting under either section 53–321 or section 53–322. Genuine issues of material fact exist and Cook is not entitled to a judgment as a matter of law. The district court erred by granting summary judgment to Cook. I.R.C.P. 56(c).

■ We note the purpose of section 53–322 is to broaden the circumstances in which a partner is entitled to an accounting. *Ramseyer v. Ramseyer, supra.* On the other hand, section 53–343 by its terms and as interpreted in *Ramseyer* applies in narrow circumstances. Indeed, the Supreme Court in *Ramseyer* applied section 53–343 only after determining section 53–321 was inapplicable. Section 53–343 cre-

---

1. I.C. § 53–321. *Partner accountable as a fiduciary.*—1. Every partner must account to the partnership for any benefit, and hold as trustee for it any profits derived by him without the consent of the other partners from any transaction connected with the formation, conduct, or liquidation of this partnership or from any use by him of its property.

2. This section applies also to the representatives of a deceased partner engaged in the liquidation of the affairs of the partnership as the personal representatives of the last surviving partner.

I.C. § 53–322. *Right to an account.*—Any partner shall have the right to a formal account as to partnership affairs:

1. If he is wrongfully excluded from the partnership business or possession of its property by his copartners.

2. If the right exists under the terms of any agreement.

3. As provided by section 53–321.

4. Whenever other circumstances render it just and reasonable.

ates an exception to the general rule that the statute of limitation barring a suit for an accounting begins to run on the date the winding-up of partnership affairs is completed.

The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion. No attorney fees on appeal. Costs to appellant, Heileson.

BURNETT and SWANSTROM, JJ., concur.