[No. 25195–3–I. Division One. April 1, 1991.]

RAWLAND F. TAPLETT, ET AL, *Respondents,* v. BHAG SINGH KHELA, ET AL, *Appellants.*

*Daniel Brink* and *Brink & Todd,* for appellants.

*Timothy Bradbury* and *Armstrong, Alsdorf, Bradbury & Maier,* for respondents.

GROSSE, C.J.—Rawland Taplett and Mary Taplett (Taplett) brought this action against Bhag Singh Khela and Nachhatter Kaur Khela (Khela) for contribution on partnership debts and recovery on a promissory note. Khela

counterclaimed for a partnership winding up and accounting. The trial court concluded that Taplett's claim was not barred by the statute of limitation, ordered Khela to pay Taplett $46,390 and awarded Taplett reasonable attorney fees. Khela appeals. We reverse.

In September of 1978, Khela, Taplett, and Jackie Don Prestridge and Carol Ann Prestridge (Prestridge) entered into an oral partnership agreement that was subsequently reduced to writing in February of 1979. The partners agreed to acquire and operate the Shasta Valley Inn in California. In an amendment to the partnership agreement dated July 20, 1979, Prestridge was removed as a partner. A foreclosure action was brought against the partnership real property and on July 21, 1980 Khela and Taplett agreed to allow the property to go back to the seller by forfeiture. Following this decision, the partners split the cash between them. Khela closed out the on–site operation and moved some partnership property back to Renton where it was stored in the home of the Khelas' son. Both parties had opportunities to inventory the property and neither did so. Neither party maintained adequate books or annual accountings, although the partnership agreement required it.

During the partnership, funds were borrowed from Rainier Bank and $150,000 was due in September 1980. The partners refinanced the loan to $100,000 after each party paid $25,000. Both parties signed a new note and Taplett posted security, but Khela did not. The partners each agreed to pay one half of the note in quarterly installments. Both parties paid through September 9, 1981. Subsequently Khela made three partial payments, the last on March 20, 1982.

Taplett brought an action on the note in 1982 which action was dismissed because Khela was not properly served. The current action commenced July 28, 1987. Khela asserted three defenses: accord and satisfaction, failure to join necessary parties, and action barred by statute of limitation. After a bench trial of 4 days, the trial court issued a

memorandum decision that determined the cause of action for an accounting accrued on the last payment by Khela to the third party bank (June 7, 1982). In findings of fact and conclusions of law the trial court confirmed its decision and concluded that Taplett's claim was not barred by the statute of limitation nor the doctrine of unclean hands. Further, the court concluded that Khela's demand for affirmative relief constituted a waiver of the statute of limitation defense. Finally, the court calculated an accounting of the partnership and determined that Khela paid $154,291.43 and Taplett $247,071.67 for a difference of $92,780.24, and ordered Khela to pay Taplett $46,390.12 with interest. Based on the partnership agreement, the trial court also awarded Taplett reasonable attorney fees of $18,500. Khela appeals.

The main issue presented in this case is whether Taplett's claims were barred by the statute of limitation for an accounting, RCW 25.04.430. Following the language of the uniform partnership act, the statute provides:

> **Accrual of actions.** The right to an account of his interest shall accrue to any partner, or his legal representative, as against the winding up partners or the surviving partners or the person or partnership continuing the business, at the date of dissolution, in the absence of any agreement to the contrary.

Because the trial court concluded that the partnership dissolved on approximately July 21, 1980 (conclusion of law 23), RCW 25.04.430 and RCW 4.16.040[1] would bar the action since it was filed after July 21, 1986. The trial court erred in determining that the partners' activities during the winding up process tolled the statute of limitation.

No Washington case has interpreted RCW 25.04.430 on the issue presented here, although in *Skok v. Snyder,* 46 Wn. App. 836, 733 P.2d 547 (1987), the court assumed without deciding that the statute would preclude an action for an accounting if raised more than 6 years after the dissolution of the partnership.

---

[1] RCW 4.16.040 requires that an action on a written contract be commenced within 6 years.

 A statute that is clear and unambiguous is not open to judicial interpretation. *Hines v. Data Line Sys., Inc.,* 114 Wn.2d 127, 143, 787 P.2d 8 (1990). As Khela argues, the clear and unambiguous language of RCW 25.04-.430 establishes that the action accrues at dissolution and not during or after the winding up period. The use of the term "shall" in the statute mandates that the action accrue at dissolution. *See Nichols v. Snohomish Cy.,* 109 Wn.2d 613, 619, 746 P.2d 1208 (1987). We are not at liberty to construe unambiguous statutes or add language we feel the Legislature omitted unintentionally. *Bennett v. Hardy,* 113 Wn.2d 912, 926, 784 P.2d 1258 (1990). Further, it is clear that the Legislature was aware that it was choosing dissolution instead of the winding up process to begin accrual since dissolution is defined and distinguished from the winding up process in a different section of the act, RCW 25.04.290.[2] Applying the unambiguous language of RCW 25.04.430 to the facts of this case, we conclude that Taplett's claim was barred.

Two out–of–state decisions support the result we reach. *In re Estate of Peebles,* 27 Cal. App. 3d 163, 103 Cal. Rptr. 560 (1972) and *Schlossberg v. Corrington,* 80 Ill. App. 3d 860, 400 N.E.2d 73 (1980). Although conflict exists among different jurisdictions whether the statute of limitation accrues at dissolution, these two decisions are based on the language of statutes comparable to RCW 25.04.290. In both cases the courts relied on the statute and held that the statute of limitation accrued at dissolution.

Taplett's attempt to distinguish these cases based on the fact that the partnerships dissolved due to the death of a partner or the lack of activity during the winding up process is not meaningful. In each case the courts followed the language of the statute and the amount of activity was not

---

[2]RCW 25.04.290 provides:

"**Dissolution defined.** The dissolution of a partnership is the change in the relation of the partners caused by any partner ceasing to be associated in the carrying on as distinguished from winding up of the business."

relevant. *In re Estate of Peebles,* 103 Cal. Rptr. at 563–64; *Schlossberg v. Corrington,* 400 N.E.2d at 76. These cases support our conclusion that the statute of limitation period commences at dissolution.

██ We reject Taplett's argument that even if RCW 25.04.430 establishes that the statute of limitation period begins at dissolution, RCW 25.04.220, another provision of the partnership act, authorizes an accounting after the statute of limitation had run. The statute reads:

> **Right to an account.** Any partner shall have the right to a formal account as to partnership affairs:
> (1) If he is wrongfully excluded from the partnership business or possession of its property by his copartners,
> (2) If the right exists under the terms of any agreement,
> (3) As provided by RCW 25.04.210,
> (4) *Whenever other circumstances render it just and reasonable.*

(Italics ours.) RCW 25.04.220. Taplett claims, and the trial court agreed, that under subsection (4) the trial court has the discretion to determine when an action for an accounting accrues. The trial court noted the conflict among other jurisdictions whether an action for an accounting accrues at dissolution and relied on an Idaho case, *Heileson v. Cook,* 108 Idaho 236, 697 P.2d 1250 (1985) to support its decision. We decline to adopt the novel approach of *Heileson.*

In *Heileson,* the Idaho Court of Appeals reversed the trial court's ruling that the claim was barred by Idaho Code (I.C.) § 53–343, a statute identical to RCW 25.04.430.[3] Four years after winding up the partnership Heileson brought an action for an accounting against his former partner and for a money judgment based on partnership liabilities. The partnership had dissolved in September 1977, the winding up was completed in December 1979, and the claim was filed on September 1, 1983. The *Heileson* court asserted that Heileson may have a right to an accounting based on two other provisions of the Idaho partnership act, I.C. § 53–

---

[3]In 1983, Idaho statutes limited the period of filing once a cause of action had accrued to 4 years. I.C. § 5–217 or I.C. § 5–224.

321 and I.C. § 53–322[4] but remanded the case to resolve a factual dispute regarding Heileson's role in winding up the partnership. The parties had disputed whether Heileson was left to wind up the partnership or whether the partners agreed to terminate the partnership with Heileson receiving certain partnership property and assuming the partnership debts. *Heileson* has not been followed by any court outside Idaho.

The *Heileson* decision purported to follow an Idaho Supreme Court case, *Ramseyer v. Ramseyer,* 98 Idaho 47, 558 P.2d 76 (1976). In that case, the court noted that in some jurisdictions a cause of action for an accounting does not accrue until the cessation of the partnership transactions, including transactions during the winding up process, but rejected such an approach because of the specific statutory language that stated that actions for accounting accrue at dissolution. However, the court reached its conclusion only after determining that another section of the partnership act, comparable to RCW 25.04.220, was not applicable to the dispute. It was this language on which the *Heileson* court relied. Taplett argues the rationale of these Idaho cases applies and that the comparable Washington statute could give rise to an accounting.

*Heileson* and *Ramseyer* are the only cases that could conceivably support the trial court's conclusion that Taplett's claim was not barred by the specific language of RCW 25.04.430. The approach advanced in Idaho is novel and has not been approved outside the state. We cannot ignore the unambiguous language of RCW 25.04.430 that the right to

---

[4]I.C. § 53–321 is identical to RCW 25.04.210 and reads:

"**Partner accountable as a fiduciary.** — 1. Every partner must account to the partnership for any benefit, and hold as trustee for it any profits derived by him without the consent of the other partners from any transaction connected with the formation, conduct, or liquidation of this partnership or from any use by him of its property.

"2. This section applies also to the representatives of a deceased partner engaged in the liquidation of the affairs of the partnership as the personal representatives of the last surviving partner." I.C. § 53–322 is identical to RCW 25.04-.220 cited earlier.

an accounting accrues at dissolution and are compelled to hold that the statute of limitation would bar Taplett's claim for contribution on partnership debts.

We are not persuaded by the out–of–state cases Taplett cites to support his position. These cases were decided on grounds not applicable here and, except for *Heileson* and *Ramseyer*, none interpreted a statute comparable to RCW 25.04.430. *First Bank & Trust of Idaho v. Jones*, 111 Idaho 481, 725 P.2d 186, 189 (1986) (based on a statutory fiduciary duty owed to a partner who holds a partnership asset in trust, the court held it was a factual issue whether an interest in the partnership existed in trust that would toll the statute of limitation); *Weaver v. Watson*, 130 Ill. App. 3d 563, 474 N.E.2d 759 (1984) (based on fiduciary duty of a winding up partner the court focused on an agreement between the parties to continue the partnership); *Peskin v. Deutsch*, 134 Ill. App. 3d 48, 479 N.E.2d 1034 (1985) (premised on a finding of fraud, the court held that the statute of limitation is tolled until the time the fraud is discovered or reasonably should have been discovered).

Taplett also cites the proposed revisions of the revised Uniform Partnership Act section 43 to support his argument. Even assuming that the proposed revisions were persuasive, the proposed changes Taplett cites support his opponents' position, not his own. While they identify some confusion regarding competing sections of the Uniform Partnership Act, they also state that some results are unfair under a narrow reading of the statute. It is this current reading that would preclude the present action. Further, the result we reach is supported by the general policy reasons underlying a statute of limitation and comports with a plain reading of the statute.

█ In a related argument Taplett asserts that either the statute of limitation accrued after the dissolution by agreement of the parties or that Khela waived the defense when he raised the counterclaim for an accounting. Khela has challenged the conclusions of law related to this issue. Appellate review of findings of fact and conclusions of law

is limited to determining whether the findings are supported by substantial evidence and that the findings support the conclusion. *Willener v. Sweeting,* 107 Wn.2d 388, 393, 730 P.2d 45 (1986).

Khela first challenges conclusion of law 45 that reads:

> The partners' post–dissolution activities in concert with each other constituted an implicit agreement that an accounting would be delayed until the winding up was completed. This implicit agreement met the requirements of RCW 25.04.430 to delay an accrual of a right to an accounting until the winding up was substantially completed which occurred no sooner than 7 June 1982 when Khela made his last payment on a partnership debt to a third party.

There is no indication in the record that either party agreed to toll the statute of limitation while the partnership was winding up. An agreement to waive the statute of limitation must be supported by consideration and be for a definite time. *J.A. Campbell Co. v. Holsum Baking Co.,* 15 Wn.2d 239, 255, 130 P.2d 333 (1942). Even if an informal agreement existed between the parties, there was no consideration and no definite time established.

Further, no findings on the issue of an agreement were made. The absence of a finding on an issue is presumptively a negative finding against the person with the burden of proof. *Smith v. King,* 106 Wn.2d 443, 722 P.2d 796 (1986). Because the trial court made no finding on an agreement by the parties, conclusion 45 is not supported by the facts.

Khela also challenges conclusion of law 43. It reads:

> Khela's demand for affirmative relief against both plaintiff Taplett and third party defendant Prestridge constituted a waiver by defendant Khela of the statute of limitations bar to an accounting and contribution.

Taplett argues that Khela waived his statute of limitation defense because he did not raise his counterclaim defensively.

In *Department of Rev. v. Puget Sound Power & Light Co.,* 103 Wn.2d 501, 505, 694 P.2d 7 (1985), the court reviewed Washington law on the issue of waiver and stated:

> "To constitute a waiver other than by express agreement, there must be unequivocal acts or conduct of the vendor evincing an intent to waive." *Birkeland v. Corbett*, 51 Wn.2d 554, 565, 320 P.2d 635 (1958). This court has also explicitly held that one against whom a waiver is claimed must have intended "to relinquish such right, advantage, or benefit; and his actions must be inconsistent with any other intention than to waive them." *Bowman v. Webster*, 44 Wn.2d 667, 669, 269 P.2d 960 (1954).

The lack of a finding on an issue is presumptively a negative finding against the person with the burden of proof. *Smith v. King, supra.* There were no findings that Khela intentionally or unequivocally waived this defense. In fact, Khela did assert the statute of limitation in his answer.

We also reject Taplett's contention that Khela's counterclaim for an accounting evidences his intent to relinquish the right to assert a statute of limitation defense. Such a result would impugn CR 8(e), the rule that authorizes a party to plead claims or defenses in the alternative. Neither party cites any partnership cases that hold that filing a counterclaim for an accounting waives a party's right to assert a statute of limitation defense and our research produced no cases. Given the general policy considerations of CR 8(e), we refuse to hold that a party waives a statute of limitation defense to a claim by filing a counterclaim. We do not believe the act of filing a counterclaim for an accounting demonstrates an unequivocal intention to waive the statute of limitation defense as required by *Department of Rev. v. Puget Sound Power & Light Co., supra.* Because the trial court's conclusion on waiver is not supported by the facts it will not be upheld on appeal.

The final issue is attorney fees on appeal. The partnership agreement stated that the prevailing party in any litigation under the agreement would be entitled to recover reasonable attorney fees. Because we hold that Taplett's claim is barred and reverse, Khela becomes the prevailing party both at trial and on appeal. We remand to the trial court for a determination of the reasonable attorney fees to be awarded.

The judgment is reversed and the matter remanded for a determination of the attorney fees to be awarded for the proceeding below and on appeal.

PEKELIS, J., and PEARSON, J. Pro Tem., concur.