57 F.3d 1077
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 In re John A. GOLDSBURY and Helen R. Goldsbury, husband and
wife, Debtors.
Robert SMART and Mary Ann Smart, husband and wife,
Plaintiffs-Appellants,
v.
John A. GOLDSBURY and Helen R. Goldsbury, husband and wife,
Defendants-Appellees.
 No. 94-35158.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 2, 1995.
Decided May 25, 1995.
As Amended on Denial of Rehearing June 27, 1995.
 
 Before: SKOPIL, BOOCHEVER, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Robert Smart appeals from the district court's affirmance of two orders of the bankruptcy court. The bankruptcy court disallowed Smart's proof of claim against John Goldsbury, a former partner of Smart's in the construction of an office building, and denied Smart's motion to reconsider. The court held that under Washington law, a partner may not maintain an action against another partner unless there has been an accounting, and the six-year statute of limitations for an accounting had expired.
 
 
 3
 This court reviews de novo the district court's decision on an appeal from a bankruptcy court, applying the same standard of review applied by the district court. In re Siragusa, 27 F.3d 406, 407-08 (9th Cir. 1994). Our independent review of the bankruptcy court's decision gives no deference to the district court's determinations. In re Weisman, 5 F.3d 417, 419 (9th Cir. 1993). The bankruptcy court's findings of fact are reviewed for clear error, and its legal determinations are reviewed de novo. Id.
 
 I. Washington law requires an accounting
 
 4
 The validity of a bankruptcy claim in litigation under 11 U.S.C. Sec. 502(b)(1) is determined under state law. In re Johnson, 756 F.2d 738, 741 (9th Cir.), cert. denied, 474 U.S. 828 (1985). This court reviews de novo the district court's application of state law. Matter of McLinn, 739 F.2d 1395, 1397 (9th Cir. 1984) (en banc).
 
 A. Wash. Rev. Code 25.04.430
 
 5
 Washington law establishes a six-year statute of limitations for an action on a contract, providing that "[a]n action upon a contract in writing, or liability express or implied arising out of a written agreement" shall be commenced within six years. Wash. Rev. Code Sec. 4.16.040. Smart argues that the proper statute in Wash. Rev. Code Sec. 6.17.020, which states that the assignee of a judgment may enforce it "at any time within ten years from entry of the judgment."
 
 
 6
 Smart's first contention is that the Washington statute governing the accrual of a cause of action for a partnership accounting does not even apply to this case, because there is no partnership "interest" to be determined. He cites Wash. Rev. Code Sec. 25.04.430, which states:
 
 
 7
 The right to an account of his interest shall accrue to any partner, or his legal representative, as against the winding up partners or the surviving partners or the person or partnership continuing the business, at the date of dissolution, in the absence of any agreement to the contrary.
 
 
 8
 (Emphasis added.) Smart argues that a partnership "interest" is the profits or surplus of the partnership; that because there were no profits or surplus in this case, there was no "interest;" and that therefore there could be no action for an accounting.
 
 
 9
 Wash. Rev. Code Sec. 25.04.260 defines a partner's interest in a partnership as "his share of the profits and surplus." That language gives some surface support to Smart's argument that where no profits or surplus exist, but only liabilities remain, there is no "interest" to be accounted. In his brief, Smart's counsel quotes Colwell v, Eising, 827 P.2d 1005, 1008 (Wash. 1992) as defining a partner's interest as his "share of the profits and surplus." Colwell actually held that a partner's interest is his "share of the profits and losses" Id. at 1008 (emphasis added and quotations omitted) (interpreting Washington's limited partnership statute). thus the very case Smart cites in support of his argument, when correctly quoted, does not support his interpretation of "interest." Colwell also defines a partnership accounting as "a determination of partnership assets and their valuation, partnership liabilities, partnership profits, and partners' contributions and withdrawals." Id. (emphasis added).
 
 B. Taplett v. Khela
 
 10
 The bankruptcy court relied on Taplett v. Khela, 807 P.2d 885 (Wash. Ct. App. 1991), stating in open court that "I just don't find any distinguishing factors between that case and this case." Smart argues that Taplett fails to address the central issue on appeal: whether an accounting is a condition precedent to an action by a partner against the partnership.
 
 
 11
 The facts in Taplett are quite similar to those in this case. Taplett and Khela entered into a partnership agreement to acquire and operate an inn. In 1980, the seller foreclosed on the inn, and Taplett and Khela split the cash and closed out the inn. No inventory was taken. Taplett, 807 P. 2d at 886.
 
 
 12
 The partnership had borrowed money from a bank, and each made partial payment after the foreclosure. When Taplett brought an action for contribution on the note in 1987, Khela counterclaimed for a partnership winding up and accounting. The trial court allowed the accounting, deciding that the six-year statute of limitations did not begin to run until Khela made his last payment on the note. Id.
 
 
 13
 The Washington Court of Appeals reversed, holding that the statute of limitations began to run in 1980, at the time of the foreclosure. The court found that the unambiguous language of Wash. Rev. Code Sec. 25.04.430 required that the action for an accounting accrue at the time of dissolution, instead of during or after the winding up period. Id. at 887. Because the dissolution occurred more than six years before Taplett filed his action, no accounting could be had, and the action for contribution was barred. Id.
 
 
 14
 Although Taplett presents nearly the identical situation as in this case, and reaches precisely the same result as did the bankruptcy and district courts, Smart argues that it is not relevant because it does not expressly discuss the issue whether a partnership accounting is a condition precedent for a contribution action by a partner. Because Taplett merely assumes that an accounting must be had, Smart asserts that it is of no presidential value.
 
 
 15
 The difficulty with this argument is that other Washington cases address precisely this issue. In Stipcich v. Marinovich, 124 P.2d 215 (Wash. 1942), the Washington Supreme Court stated:
 
 
 16
 Respondent was a partner of appellant and as such was unable to maintain the present action for the reason that until an accounting and settlement of the partnership affairs is had there is no cause of action between partners arising out of the partnership transactions except as equitable action for an accounting.
 
 
 17
 Id. at 218. See also Cheesman v. Sathre, 273 P.2d 500, 503 (Wash. 1954) (following Stipcich to hold that "the general rule is that before one partner can sue his copartner at law there must have been a dissolution of the partnership and an accounting between them."). This states the general common-law rule regarding partnership accounting.
 
 
 18
 Washington courts have invoked the rule several times since 1955, when Washington enacted the Uniform Partnership Act. See Blanchard v. Energy Assocs. Northwest, 718 P.2d 803, 804-05 (Wash. Ct. App. 1986) (citing Cheesman and Stipcich, and reversing and remanding for accounting); Ferguson v. Jeanes, 619 P.2d 369, 373 (Wash. Ct. App. 1980) (only valid partnerships are subject to the accounting rule); Dulien Steel, Inc. v. Lampson R.R. Contractors, Inc., 529 P.2d 848, 850 (Wash. Ct. App. 1974) (accounting rule for partnerships does not extend to joint ventures whose business is ended).
 
 
 19
 Taplett's failure expressly to state the common-law rule thus does not mean the rule no longer has force in Washington state. The bankruptcy court did not err in resting its decision on Taplett.
 
 
 20
 C. The Uniform Partnership Act and its revision
 
 
 21
 Smart next argues that the common-law rule requiring an accounting is outdated, and should not have survived the merger of law and equity and Washington's enactment of the Uniform Partnership Act in 1955. As stated above, the Court of Appeals of Washington has stated or applied rather than repudiated the rule in at least four decisions since 1955 (Taplett, Blanchard, Ferguson, and Dulien Steel). Smart cites the Arizona Supreme Court's abolishment of the rule in Sertich v. Moorman, 783 P.2d 1199, 1205 (Ariz. 1989), but offers no express reason why this single state court decision should govern Washington law. Most jurisdictions still follow the common-law rule. See Dunn v. Zimmerman, 631 N.E.2d 1040, 1043-44 (Ohio 1994) (common-law rule prevails in most states, requiring partnership accounting before action at law).
 
 
 22
 Smart also points out that the Revised Uniform Partnership Act ("RUPA"), approved by the National Conference of Commissioners on Uniform State Laws in 1993, explicitly abolishes the rule. Washington has not adopted RUPA, however, and therefore has not eliminated the accounting requirement.
 
 
 23
 II. Exceptions to the common-law accounting rule
 
 
 24
 Smart argues that if the accounting rule does survive in Washington, two exceptions to the rule should have exempted his legal action from the requirement of a prior accounting.
 
 A. Joint venture
 
 25
 Smart argued in his motion for reconsideration in the bankruptcy court that his agreement with Goldsbury and Thompson was a joint venture rather than a general partnership, and therefore no accounting was required. While the bankruptcy court did not expressly address the issue in denying the motion, the district court held that while the partnership had some of the characteristics of a joint venture, the exception did not apply because the bankruptcy judge had found that the accounts were complicated.
 
 
 26
 In Peterson v. Nichols, 156 P. 406 (Wash. 1916), the Washington Supreme Court held that the accounting rule did not apply to a suit for contribution related to the business of owning and managing a stallion, which was not a general partnership but a joint venture, "a commercial ... enterprise undertaken by several persons jointly; a ... partnership ... limited ... as to its scope and duration." Id. at 406; see Paulson v. County of Pierce, 664 P.2d 1202, 1208 (Wash. 1983) (joint venture requires (1) contract, (2) common purpose, (3) community of interest, (4) equal right to voice and control). The horse was dead and the venture ended by written agreement before the suit was brought. Accordingly, the law of general partnership did not apply. Peterson, 156 P. at 406-07. The Washington Court of Appeals applied the exception in Dulien Steel, finding that a joint venture formed to dismantle a railroad and receive as consideration the disassembled materials was not subject to the accounting rule when the joint venture had previously been terminated by written agreement. 529 P.2d at 849-50.
 
 
 27
 Smart argues that the partnership was formed for a single purpose (the construction of the office building), the purpose was completed, and the accounts were not complicated, so that the joint venture rule should apply to exempt him from the accounting rule. The district judge, however, relying on the bankruptcy judge's oral findings in open court, found that although the single purpose of the partnership was completed, an accounting was still required because the accounts were complicated.
 
 
 28
 Smart agrees that a complicated account would mean that an accounting was required. Cf. 1 Am. Jur. 2d, Accounts and Accounting Secs. 54, 56, 57 (1994) (an accounting is not generally available in an action where the amount due is readily ascertainable). He disputes the finding that such complication exists.
 
 
 29
 First, Smart claims the bankruptcy judge did not make such a finding, because it was not included in his written decision. We reject this argument. The bankruptcy judge stated in his oral opinion that an accounting was necessary because
 
 
 30
 it would be a maneuver of considerable complexity. I don't have any evidence before me in this case at this point as to the contributions of the two partners, but as all of you know, I was fairly deeply engulfed in the valuation of Mr. Smart's assets back at that time, and we ... spent a long number of days, as I recall, taking evidence and testimony, and the records of that bankruptcy would reflect that I was not convinced that the property at issue had the value that was asserted at that time. And if I have to conclude this thing ... I can see going back through all that again after the fact, and it took a long, tedious time the first go-round, and it might take an even longer period of time if we had to do it again several years after the fact.
 
 
 31
 * * *
 
 
 32
 It's difficult for me to see that I could have established an accounting between the partners that would have satisfied me by a couple of hours of testimony. I just doubt that it would have come out that way. I suspect that I would have had to call for more evidence.
 
 
 33
 These are not "off-hand remarks," as Smart characterizes them. Further, the conclusion that the accounting would be complicated qualifies as a factual finding of the court even though it is not included in the written findings, as it "is consistent with the court's formal findings and merely serves to supplement them." Kimbro v. Atlantic Richfield Co., 889 F.2d 869, 878 n.8 (9th Cir. 1989), cert. denied, 498 U.S. 814 (1990).
 
 
 34
 The remaining question is whether this factual finding was clearly erroneous. Smart argues that there was no evidence presented at the hearing to show that the accounts were complicated. He claims that any complications or discrepancies related to the amounts he was due in contribution, as reflected in his proof of claim, his own bankruptcy documents, and the partnership tax returns, were explained away at the hearing.
 
 
 35
 We find that the district judge did not clearly err in finding that the accounting would be complicated. Smart transferred cash and real property, and assigned proceeds from real estate contracts, to the Mays in settling the judgment. Issues of valuation remain, and Smart's and Goldsbury's descriptions of the amount due in contribution differ. Smart's attempt to explain the difference does not leave us with a firm conviction that a mistake has been made, especially in light of the fact that an accounting will not be limited to examining only the amount due on the Mays' and Foster Pepper judgments, but will encompass all the affairs of the partnership.
 
 B. Segregable item
 
 36
 Smart next argues that no accounting is required because the assigned judgment was a "segregable item," a transaction isolated from the affairs of the partnership.
 
 
 37
 In McDonald v. McDonald, 206 P. 23 (Wash. 1922), the Washington Supreme Court allowed recovery without an accounting of money loaned by one partner to another, finding that the note was isolated from the general partnership account, because "the parties dealt as strangers to the partnership relation" when they signed the note. Id. at 26. The district court found that McDonald did not apply in this case, as the judgments Smart settled were clearly partnership liabilities, and the assignment to him did not isolate the judgments from the partnership account.
 
 
 38
 We affirm the district court on this issue. The Mays' judgment was clearly a partnership liability, as were the Foster Pepper legal fees, and was part of the general partnership account. Smart's actions in negotiating the assignment of the judgments to him do not remove the original obligation from the partnership relation. Washington law requires an accounting, which is barred by the applicable statute of limitations. AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3